THOMAS REED *v.* JOHN CANADY, *Appellant.*

*Contract.  Sale.*

The plaintiff bought from G. a mare, supposed by the parties to be with foal, agreeing to give for her the colt (which the mare was expected to have,) when it should become four months old. The mare was in fact not with foal at the time, and had no colt while the plaintiff possessed her, and the plaintiff never paid to G. any colt, or anything else, for the mare. The plaintiff kept possession of the mare nearly three years when she was attached by the defendant, as deputy sheriff, at the suit of a third party as the property of G., and taken from the plaintiff's possession. *Held* that the title to the mare passed to the plaintiff on the completion of the contract with G., and the fact that it was impossible for the plaintiff to pay for her in the manner

Reed *v.* Canady.

agreed upon, did not render the sale void, but only rendered the plaintiff liable to pay for the mare in another way.

*Held,* also, that even if the contract was of such a character that G. might have rescinded it and insisted upon a return of the mare, yet, as he had not done so, a third person could not interfere and set aside a contract with which the parties appeared satisfied, and which was not made in violation of such third person's rights or interests.

TROVER, to recover the value of a mare.

The case was referred and the referee reported the following facts : The mare in question was bought by the plaintiff of one Goodell, in June 1855, and the plaintiff had possession of her until the taking by the defendant in April, 1858. When the plaintiff had the mare of Goodell, it was supposed by both the plaintiff and Goodell that she was with foal and would have a colt the next spring ; and the plaintiff agreed to give Goodell for the mare, the colt, when it was four months old, which the mare should bring. The mare had no colt while the plaintiff possessed her, and the plaintiff never paid to Goodell any colt, or any other thing for the mare.

The defendant, as deputy sheriff, attached the mare as the property of Goodell, by virtue of a writ in favor of one Sanford against Goodell, in April, 1858, and took her from the plaintiff's posession and sold her on execution to satisfy the judgment rendered in the suit of Sanford against Goodell.

The referee found that the mare, when taken by the defendant from the plaintiff, was worth nineteen dollars, and from the foregoing facts decided that the plaintiff should recover of the defendant nineteen dollars and interest from April 14, 1858.

The county court, at the April term, 1860, REDFIELD, CH. J., presiding, rendered judgment *pro forma*, on the report, for the plaintiff to recover twenty-one dollars and twenty-eight cents, to which the defendant excepted.

*W. H. Follett*, for the defendant.

*T. H. Streeter*, and *H. N. Hix*, for the plaintiff.

PIERPOINT, J. · The only question raised upon the argument of this case is whether the property in the mare in controversy

Reed v. Canady.

vested in the plaintiff by virtue of the contract entered into between him and Goodell.

The referee finds that the plaintiff bought the mare of Goodell and agreed to pay him for her by letting him have a colt of which the mare was supposed to be with foal, when it should become four months old. The plaintiff took the possession of the mare at the time of the trade in June, 1855, and kept her until April, 1858, when she was attached by the defendant as the property of Goodell. The mare proved not to be with foal so that the plaintiff was not able to pay for her in the manner agreed upon, and he had not paid for her when she was attached.

It is now insisted that the contract was void and the property did not vest in the plaintiff because the parties were mistaken in supposing the mare was with foal. This position we think is not well taken. Contracts are often held not to be binding upon the parties when they labor under a mutual mistake as to the character or condition of the subject of it. In this case the subject matter of the contract was the mare, and the parties were under no mistake as to what was sold by the one and purchased by the other, and upon the completion of the contract the property in the mare vested in the purchaser. The fact that he was not able to pay for her in the manner agreed, does not render the sale void, but the party must pay for the property in another manner, the same as in all other cases, when from inability or indisposition there is a failure to pay for property purchased in the particular way agreed upon. All such failures can be compensated for in money. But even if the contract was of such a character that Goodell might have rescinded it and insisted upon a return of the mare, he did not do it, but suffered the plaintiff to retain her for three years after the contract was made, and for aught that appears in the case he is and always has been well satisfied with the contract. Under such circumstances it is perfectly clear that third persons cannot step in and insist upon setting aside a contract when the parties are satisfied with it, and when the contract was not made in violation of the rights and interest of such third persons.

Judgment of the county court affirmed.